# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ROBERT ALBERGO, | CASE NO. 11CV1787 DMS (MDD) |
|---|---|
| Plaintiff, | **ORDER DENYING DEFENDANT WILLIAM SCOTT'S MOTIONS TO DISMISS UNDER RULE 12(b)(1) AND (6) AND FOR RULE 11 SANCTIONS** |
| vs. | |
| CUXHAVEN HOLDINGS, LTD. *et al.*, | |
| Defendants. | |

In this fraudulent transfer action, Defendant William Scott filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) and for sanctions pursuant to Rule 11. Plaintiff opposed the motions and Defendant replied. For the reasons which follow, the motions are **DENIED**.

Based on the allegations in the complaint and the record established in support of the temporary restraining order and preliminary injunction issued in Plaintiff's favor, Plaintiff paid $1,000,000.00 in 2006 for stock in Immunosyn Corporation ("Immunosyn"), sold to him by James Miceli, Douglas A. McClain Sr., and an alleged agent, Jochen Brenner. Plaintiff claims he purchased the stock in reliance on fraudulent statements and ultimately lost over $775,000.00. He filed another action in this Court regarding his purchase of said stock. *See Albergo v. Immunosyn Corp.*, 09cv2653 DMS (MDD). On July 13, 2011, the Court issued an Order in that action granting Plaintiff Albergo and co-Plaintiff David Irwin's amended motion for a writ of attachment in the amount of $625,000.00.

On August 6, 2011, Plaintiff filed the instant action. He alleged that in 2006 he became a creditor of James T. Miceli, Douglas A. McClain, Sr., Douglas A. McClain, Jr., Cuxhaven Holdings,

Ltd., Padmore Holdings, Ltd., Argyll Equities, LLC, and/or Argyll Biotechnologies, LLC (collectively, herein, "Debtors"). Subsequently, the Debtors transferred Immunosyn stock to Defendants, including Mr. Scott, in violation of the California Uniform Fraudulent Transfers Act ("UFTA"). The transfer to Mr. Scott took place on August 15, 2007. (Compl. at 3.) In support of preliminary injunctive relief, Plaintiff argued the Debtors transferred the stock without receiving reasonably equivalent value in return, as evidenced by the letters from Mr. Miceli and the transfers to Mr. Miceli's family members. In support of his allegation that the Debtors were insolvent, Plaintiff cited to a letter from Debtors' counsel, dated December 10, 2008, stating "Argyll is out of money and, as far as I know, Jim Miceli and Doug McClain, Jr. are out of money . . .." Plaintiff alleged that Defendants, including Mr. Scott, knew that Debtors were insolvent, and that they had unpaid judgments and active litigation pending against them. (Compl. at 9.) Plaintiff further alleged that the Debtors' transfers to Defendants were made "to hinder, delay or defraud Plaintiff" as the Debtors' creditor. (*Id*.)

Mr. Scott filed a motion under Rule 12(b)(1) to dismiss the UFTA claim against him based on lack of subject matter jurisdiction. Unlike state courts, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 583 (1999). Plaintiff bears the burden of demonstrating that jurisdiction is properly before the Court. *See Thornhill Publ'g Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

Federal jurisdiction over this case is based on diversity pursuant to 28 U.S.C. Section 1332(a). Under section 1332(a), jurisdiction exists in cases of complete diversity, where each of the plaintiffs is a citizen of a different state from each of the defendants, and the amount in controversy exceeds $75,000. *See also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Mr. Scott argues that the amount / / / / /

in controversy as to the claim asserted against him does not exceed $75,000 because he sold the stock he received from the Debtors for only $41,484.21.

On a 12(b)(1) motion,

> Where the plaintiff originally files in federal court, the amount in controversy is determined from the face of the pleadings. The amount in controversy alleged by the proponent of federal jurisdiction -- typically the plaintiff in the substantive dispute -- controls so long as the claim is made in good faith. To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount.

*Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (internal quotation marks and citations omitted). Under this standard, the good faith allegations in the complaint as to the amount in controversy "suffice to establish the jurisdictional amount unless it appears legally certain that the amount in dispute is $75,000 or less." *Id*. at 1107.

"The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Plaintiff's allegation of the jurisdictional amount is based on his theory of recovery in this case. The parties agree that under the applicable standard, the judgment based upon the value of the asset transferred, "shall be for an amount equal to the value of the asset at the time of the transfer, subject to adjustment as the equities may require." Cal. Civ. Code § 3439.08(c). The relevant time for stock valuation is therefore when it was transferred to Mr. Scott, and not when he sold it. Plaintiff's allegation that the amount in controversy exceeds $75,000 (Compl. at 3), is based on his valuation of the Immunosyn stock when it was transferred to Mr. Scott. According to Plaintiff, Mr. Miceli sold the stock at $5 per share during the same time he gifted 200,000 shares to Mr. Scott and his children.

Mr. Scott has not come forward with any evidence or argument to show that Plaintiff's valuation was made in bad faith. His motion is based on (a) equitable adjustment that potentially could be applied to the judgment, (b) the contention that he was an innocent third-party transferee, and (c) arguments that Plaintiff's valuation of the stock is unreasonable. These defenses are unavailing. A potential defense that could foreclose or reduce a claim for relief does not preclude federal jurisdiction, even if it is apparent on the face of the complaint. *Geographic Expeditions*, 599 F.3d at 1108.

> [J]ust because a defendant might have a valid defense that will reduce recovery to below the jurisdictional amount does not mean the defendant will ultimately prevail on that defense. Further, if a district court had to evaluate every possible defense that could reduce recovery below the jurisdictional amount the district court would essentially have to decide the merits of the case before it could determine if it had subject matter jurisdiction.

*Id.* Accordingly, Mr. Scott has not met his burden to show to a legal certainty that the amount in controversy on the claim asserted against him is less than $75,000. His motion to dismiss under Rule 12(b)(1) is therefore **DENIED**.

Alternatively, Mr. Scott seeks to dismiss the complaint under Rule 12(b)(6) for lack of factual allegations in support of the claim asserted against him. A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted where the complaint lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (internal quotation marks and citation omitted); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law"). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see also Shroyer*, 622 F.3d at 1041.

Mr. Scott's motion is based on the latter ground. In this regard, "to survive a motion to dismiss, a complaint must contain sufficient factual matter to state a facially plausible claim to relief." *Shroyer*, 622 F.3d at 1041, citing *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949, citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions need not be taken as true merely because they are couched as factual allegations. *Twombly*, 550 U.S. at 555. Similarly, / / / / /

1 "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to
2 dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

3   Mr. Scott complains that the complaint does not cite to legal authority for the fraudulent
4 conveyance claim. This is not required. *See* Fed. R. Civ. Proc. 8(a). Furthermore, as Plaintiff has
5 moved for preliminary injunctive relief, all parties are well aware that the fraudulent conveyance claim
6 is based on UFTA. Mr. Scott next contends that no factual allegations are provided in support of the
7 allegation that Defendant Cuxhaven Holdings, Ltd., which transferred the stock to him, is Mr. Miceli's
8 alter ego. This is not so. (*See* Compl. at 3.) Mr. Scott further maintains that no facts are alleged in
9 support of the allegations of Defendants' knowledge or intent. "Malice, intent, knowledge, and other
10 conditions of a person's mind may be alleged generally." Fed. R. Civ. Proc. 9(b). Accordingly,
11 Defendants' knowledge and intent are sufficiently alleged. Mr. Scott's remaining argument that
12 Plaintiff's allegations are too threadbare is rejected. Notice pleading does not require a plaintiff to
13 plead detailed factual allegations, *Twombly*, 550 U.S. at 555, or all the facts necessary to carry his
14 burden, *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), *rev'd on other grounds*, __ U.S. __,
15 131 S. Ct. 2074 (2011). The complaint contains sufficient factual matter to meet the notice pleading
16 requirements after *Iqbal*. Moreover, following Plaintiff's successful motion for preliminary injunctive
17 relief, there is little question that his claims are at least "facially plausible." *See Shroyer*, 622 F.3d at
18 1041. Defendant's motion to dismiss under Rule 12(b)(6) is **DENIED**.

19   Finally, Mr. Scott filed a motion for sanctions against Plaintiff and his counsel pursuant to Rule
20 11. He argues that sanctions are warranted because Plaintiff's allegation of the amount in controversy
21 is contradicted by the evidence of the proceeds from Mr. Scott's sale of the Immunosyn stock, and that
22 Plaintiff's counsel refused to dismiss Mr. Scott after evidence of the proceeds was brought to his
23 attention. Although Plaintiff apparently erroneously alleged that Mr. Scott sold his Immunosyn stock
24 for more that $75,000, sanctions are unwarranted. As discussed above, the alleged error is irrelevant
25 to the analysis of the amount of controversy. Accordingly, Defendant's motion for sanctions is
26 **DENIED**. Plaintiff's request to sanction the defense counsel for bringing the motion for sanctions is
27 also **DENIED**.
28 / / / / /

For the foregoing reasons, Defendant William Scott's motions to dismiss under Rule 12(b)(1) and (6) and for sanctions under Rule 11 are **DENIED**.

**IT IS SO ORDERED.**

DATED: December 15, 2011

HON. DANA M. SABRAW
United States District Judge